IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sandra Constantine, ) | Case No. 8:25-cv-07077-JDA-WSB |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden of Spartanburg County ) | |
| Detention Center, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on Petitioner's motions for release, preliminary injunction, and stay of extradition. [Docs. 11; 12; 24.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On July 11, 2025, the Clerk docketed Petitioner's Petition filed pursuant to 28 U.S.C. § 2241 and/or § 2254. [Doc. 1.] On July 28, 2025; August 12, 2025; and September 3, 2025, the Clerk docketed Petitioner's motions for preliminary injunctive relief. [Docs. 11; 12; 24; *see also* Doc. 22.]

On September 5, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Petitioner's motions be denied because Petitioner failed to satisfy the requirements for preliminary injunctive relief under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). [Doc. 26 at 5–9.] The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. [*Id*. at 10.] On September 15, 2025, Petitioner filed an improper appeal of the Report to the United

States Court of Appeals for the Fourth Circuit. [Doc. 29.] On February 24, 2026, the Fourth Circuit issued an order denying Petitioner's appeal for lack of jurisdiction. [Doc. 50.] Petitioner never filed proper objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

As previously noted, Petitioner failed to file proper objections to the Report, despite being notified of the procedures to do so. [*See* Doc. 26 at 10.] Nevertheless, out of an abundance of caution for the pro se Petitioner, the Court has conducted a de novo review of the Report, the record, and the applicable law. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Petitioner's motions [Docs. 11; 12; 24] are DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

February 25, 2026
Columbia, South Carolina

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the legal standard for the issuance of a certificate of appealability has not been met.